IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEOTHA T.,[1]                          3:17-cv-01853-BR

       Plaintiff,                OPINION AND ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

       Defendant.


**MERRILL SCHNEIDER**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental parties. The same designation will be used to identify nongovernmental parties' family members if named in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

      Attorneys for Defendant

**BROWN, Senior Judge.**

      Plaintiff Leotha T., Jr., seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

### ADMINISTRATIVE HISTORY

**I. Prior Administrative History**

      Plaintiff protectively filed his application for SSI benefits on October 3, 2012. Tr. 16, 307.[2] Plaintiff alleges a disability onset date of December 31, 2002. Tr. 16, 282.

---

[2] Citations to the official transcript of record filed by the Commissioner on April 20, 2018, are referred to as "Tr."

2 - OPINION AND ORDER

Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 24, 2014. Tr. 16, 76-98. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On December 5, 2014, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 134-44. Plaintiff requested review by the Appeals Council. On June 14, 2016, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. Tr. 149-53.

On December 1, 2016, the ALJ held a hearing on remand. Tr. 34-75. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On January 9, 2017, the ALJ issued an opinion in which he again found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 16-28. Plaintiff requested further review by the Appeals Council. On September 13, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. See *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 17, 2017, Plaintiff filed a Complaint in this Court for review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on June 6, 1963. Tr. 26. Plaintiff was forty-nine years old on the date his application was protectively filed. Although Plaintiff's educational background is unclear, the record reflects he has at least a high-school education. Tr. 26. The ALJ found Plaintiff does not have any past relevant work experience. Tr. 26.

Plaintiff alleges disability due to "back, numbness in both arms, right foot broken bone pain." Tr. 311.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 21-26.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for

proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).

The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404,

subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since October 3, 2012, Plaintiff's application date. Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of "spinal stenosis; a history of right foot fracture with residual right foot pain; bilateral upper extremity radiculopathy; substance-induced persisting dementia; and cocaine and marijuana dependence, in reported remission." Tr. 19.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 19. The ALJ found Plaintiff has the RFC to perform light work. Tr. 20. The ALJ also found Plaintiff can stand and walk no more than four hours in an eight-hour workday and can occasionally climb, balance, stoop, kneel, crouch, or crawl. The ALJ further noted Plaintiff should avoid exposure to hazards; is limited to work involving simple, repetitive tasks "without much change in the work required of him"; is limited to work involving incidental public contact; and should not work as part of a team. Tr. 20.

8 - OPINION AND ORDER

At Step Four the ALJ concluded transferability of job skills is not an issue because Plaintiff does not have past relevant work experience. Tr. 26.

Based on Plaintiff's age, education, work experience, and RFC, the ALJ found at Step Five that Plaintiff can perform the following occupations that exist in significant numbers in the national economy: "Production assembler," "Assembler, electrical accessories," and "Bottle packer." Tr. 26-27. Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 27-28.

## DISCUSSION

Plaintiff contends the ALJ erred when he improperly rejected the medical opinion of Daniel McCabe, M.D., an examining psychiatrist.

The Commissioner, however, contends the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. McCabe's opinion.

**I. The ALJ properly evaluated the medical opinion of Dr. McCabe.**

Plaintiff contends the ALJ erred when he discounted the medical opinion of Dr. McCabe.

**A. Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on

9 - OPINION AND ORDER

the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the court must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison*, 759 F.3d at 1012. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* Although the opinion of a treating physician is entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a nonexamining physician. *Ryan*, 528 F.3d at 1198. "The weight afforded a nonexamining physician's testimony depends 'on the degree to which [he] provide[s] supporting explanations for [his] opinions.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are

10 - OPINION AND ORDER

supported by substantial evidence." *Id.* Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B. Analysis**

On December 29, 2012, Plaintiff received a psychiatric evaluation by Dr. McCabe. Tr. 395-400. Dr. McCabe noted Plaintiff had to be frequently redirected during the interview and that Plaintiff threatened to leave at one point. Tr. 397. Dr. McCabe also reported Plaintiff had poor hygiene, presented as immature and childish with paranoid and defensive behavior, and had poor eye contact during the interview. Tr. 397-98. Dr. McCabe concluded Plaintiff is not capable of performing even simple and repetitive tasks; would need repetition of instructions and would not be capable of accepting instructions consistently; is not capable of performing activities on a

consistent basis; and would have significant problems adhering to a schedule and tolerating stress. Tr. 399-400. Dr. McCabe opined Plaintiff's condition is not treatable, but psychiatric intervention "may lessen some of his mood lability." Tr. 399.

The ALJ gave Dr. McCabe's opinion "little weight" on the grounds that "[h]is opinion was based on a one-time, 40-minute[] examination, which included an interview and a brief mental status exam." Tr. 24. The ALJ noted Dr. McCabe did not have access to any of Plaintiff's records "other than a function report and a field office disability report," and Dr. McCabe's opinion relied heavily on Plaintiff's subjective reports and the report of a third-party witness. Tr. 24. Plaintiff concedes Dr. McCabe did not review any other medical records "because there are no mental health records in the file." Pl.'s Brief (#14) at 6.

The ALJ also noted "telling inconsistencies" between Dr. McCabe's report and the report of Dr. Jonathan Harrison, M.D., who examined Plaintiff on the same date. Tr. 23, 390-94. For example, Plaintiff reported to Dr. McCabe that he had not worked in ten years, but Plaintiff failed to mention that he provided care for his father who had cancer. Plaintiff reported a significant history of substance abuse to Dr. McCabe, but he did not mention that fact to Dr. Harrison. Although Dr. McCabe found Plaintiff presented as irritable and emotionally labile,

Dr. Harrison found Plaintiff was emotionally stable and fully cooperative during his examination. Tr. 23.

The ALJ also noted an investigative report dated March 14, 2013, from the Cooperative Disability Investigations Unit (CDIU) reflected Plaintiff was cooperative during that interview, did not demonstrate any unusual behaviors, was alert and oriented, tracked the conversation, gave appropriate responses, exhibited good memory, and responded to directions. Tr. 23, 338-45.

On March 15, 2013, J. Scott Pritchard, D.O., a reviewing medical consultant, concluded Plaintiff could perform light work with occasional postural activities. Tr. 108-09.

On July 22, 2013, Martin Kehril, M.D., a reviewing physician, reached the same conclusion as Dr. Pritchard. Tr. 125-26.

Based on this record the ALJ gave great weight to the opinion of Dr. Harrison and also to Drs. Pritchard and Kehril on the ground that their opinions were generally consistent with the opinion of Dr. Harrison. Tr. 24.

The Court concludes on this record that the ALJ did not err when he discounted Dr. McCabe's opinion because the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 6th day of November, 2018.

_____
ANNA J. BROWN
United States Senior District Judge